UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR TORO,                                                    CASE NO.:

    Plaintiff,

v.

ACME BARRICADES, L.C.,
a Florida Limited Liability Company,

    Defendant
_____/

## COMPLAINT

Plaintiff, HECTOR TORO, sues Defendant, ACME BARRICADES, L.C. ("ACME"), and alleges:

### Jurisdiction and Venue

1. Plaintiff is an individual who is over the age of eighteen.

2. Plaintiff resides in Orange County, Florida.

3. ACME provides traffic, event and crowd control products throughout the state of Florida.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Middle District of Florida Local Rule 1.02 because the events at-issue occurred in the Middle District of Florida.

**Background**

6. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19).

7. ACME is subject to the FFCRA.

8. Among the FFCRA's protections is the EPSLA.

9. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

10. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

11. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

12. Plaintiff was hired by ACME in May 2019 as a Driver.

13. Plaintiff has a health condition that put him at a greater health risk if he contracts the Coronavirus.

14. Plaintiff was also caring for his child at home during the time period at-issue.

15. Due to the nature of Plaintiff's work, he would have been in close contact with other people.

16. At the end of March 2020, as the Coronavirus was exploding, Acme instructed

Plaintiff to take a week of vacation time.

17. Plaintiff did so and then returned to work in early April 2020.

18. On or about April 2, 2020, Plaintiff attended a virtual appointment with a doctor and was told he should take three more days off due to the danger of the Coronavirus.

19. Plaintiff told Acme but they refused to give him anymore time.

20. Acme told Plaintiff he should see what his primary care doctor thought about his health.

21. Plaintiff then visited his primary care physician and was examined.

22. The primary care doctor advised Plaintiff to work from home and Plaintiff gave Acme a doctor's note (from Dr. Douglas Witter) on April 3, 2020 which stated this information.

23. On April 7, 2020, Acme terminated Plaintiff.

24. ACME only paid Plaintiff only $42.00 instead of the full week of pay due to the Coronavirus.

25. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

26. Defendant retaliated against Plaintiff in violation of his rights under FFCRA and EPSLA.

## COUNT I – VIOLATION OF THE FFCRA/EPSLA

27. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 26 above as if fully set forth herein.

28. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

29. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

30. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

31. The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

32. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by health care providers to work from home to avoid potential exposure to Coronavirus.

33. Yet, ACME blatantly disregarded its obligations under the EPSLA and refused to pay Plaintiff for his entire absence.

34. This is a direct violation of EPSLA's requirements.

35. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

36. ACME's violation of the EPSLA's requirements was willful.

37. As a direct and proximate result of ACME's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

   b. Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

   c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

   d. Award punitive damages; and

   e. Award any other relief this Honorable Court deems just and proper.

## COUNT II – RETALIATION UNDER THE FFCRA

38. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 26 above as if fully set forth herein.

39. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

40. Plaintiff took qualifying leave due to COVID-19.

41. Plaintiff's leave due to COVID-19 was protected activity.

42. Despite the EPSLA's requirements, ACME unlawfully terminated Plaintiff after he took leave as a result of his health care provider's "work from home" order.

43. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

44. ACME violated Plaintiff's right under the EPSLA and FLSA.

45. Plaintiff's termination was an adverse employment action.

46. A causal connection exists between Plaintiff's protected activity and adverse employment action.

47. As a direct and proximate result of ACME's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d. Award punitive damages; and

e. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated this __9th__ day of October, 2020.

          Respectfully submitted,

          s/ Carlos Leach_____
          Carlos Leach, Esquire
          FBN:0540021
          The Leach Firm, P.A.
          631 S. Orlando Ave., Suite 300
          Winter Park, FL 32789
          Telephone: (407) 574-4999
          Facsimile: (833) 423-5864

Email: cleach@theleachfirm.com
Email: maugello@theleachfirm.com
Attorneys for Plaintiff