UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:20-cv-1867-Orl-22LRH

HECTOR TORO,

        Plaintiff,
v.

ACME BARRICADES, L.C.,
a Florida Limited Liability Company,

        Defendant.
_____/

## DEFENDANT ACME BARRICADES, L.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, Defendant, ACME BARRICADES, L.C. (sometimes hereinafter "Acme"), by and through its undersigned counsel, and hereby moves to dismiss Plaintiff's Complaint (Doc. 1) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure (12)(b)(6) or, in the alternative, moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and as grounds states as follows:

I. Relief Requested

Acme Barricades, L.C. respectfully requests the Court to dismiss Plaintiff's Complaint (Doc. 1), or, in the alternative, moves the Court to order Plaintiff to provide a more definite statement, together with any other relief deemed appropriate by the Court.

1

II. Basis for the Request

Plaintiff, HECTOR TORO, filed a two-count Complaint against Acme, sounding in Violation of the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA") and Retaliation under the FFCRA.[1]

Plaintiff was an employee of Acme. In his Complaint, Plaintiff alleges that Plaintiff has a health condition that put him at a greater risk if he contracts the Coronavirus.[2] Plaintiff further contends that during the time period at issue, Plaintiff was caring for his child at home.[3] Plaintiff alleges that on or about April 2, 2020, "Plaintiff attended a virtual appointment with a doctor and was told he should take three more days off due to the danger of the Coronavirus."[4] Plaintiff alleges that he "told Acme but they refused to give him anymore time."[5]

The Plaintiff contends that he then visited his primary care doctor who advised Plaintiff to work from home.[6] Plaintiff alleges that he gave Acme a "doctor's note" which stated that Plaintiff was advised to work from home.[7]

The Plaintiff did not allege that the Plaintiff was suffering from symptoms of COVID-19. The Plaintiff did not allege that he informed Acme that he was caring for a child at home, or the reason why he was caring for a child at home. The Plaintiff did not allege that he informed Acme that Plaintiff had a condition that made him higher risk for the Coronavirus. The Plaintiff did not allege that Plaintiff was the subject of a governmentally ordered quarantine. The Plaintiff did not allege that Plaintiff was ordered to self-quarantine for any particular reason. The Plaintiff did not allege that the Plaintiff provided Acme documentation containing the following information: (1)

---

[1] *See* Doc. 1.
[2] Doc.1, ¶ 13.
[3] Doc. 1, ¶ 14.
[4] Doc. 1, ¶18.
[5] Doc. 1, ¶19.
[6] Doc. 1, ¶¶21-22.
[7] Doc. 1, ¶ 22.

Employee's name; (2) Date(s) for which leave is requested; (3) Qualifying reason for the leave; and (4) an oral or written statement that the Employee is unable to work because of the qualifying reason for leave. Absent such requisite allegations, the Plaintiff's Complaint fails to state a cause of action.

### III. Legal Authority

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading that states a claim for relief must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The U.S. Supreme Court addressed the requirements of Rule 8(a)(2), and enforcement of dismissal pursuant to Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Id. at 555. Further, the Twombly Court affirmed the decision to dismiss a Complaint where a Plaintiff failed to allege facts "plausibly":

> Rule 8(a)(2) still requires a "showing" rather than a blanket assertion, of entitlement to relief. Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.

Id. at 570. In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Under the FFCRA, an "Employer shall provide to each of its Employees Paid Sick Leave to the extent that Employee is unable to work due to any of the following reasons: (i) The Employee is subject to a Federal, State or local quarantine or isolation order related to COVID-19; (ii) The Employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19; (iii) The Employee is experiencing symptoms of COVID-19 and seeking medical diagnosis from a health care provider; (iv) The Employee is caring for an individual who is subject to an order as described in this paragraph (a)(1)(i) or directed as described in this paragraph (a)(1)(ii); (v) The Employee is caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual School or Place of Care, or the Child Care Provider of such Son or Daughter is unavailable for reasons related to COVID-19; or (vi) The Employee has a substantially similar condition as specified by the Secretary of Health and Human Services, in consultation with the Secretary of the Treasury and the Secretary of Labor." 29 CFR § 826.20(a)(1)(i)-(vi)(2020).

The Plaintiff did not allege that the Plaintiff was the subject of a quarantine or isolation order.[8] The Plaintiff did not allege that the Plaintiff was experiencing symptoms of COVID-19 and was seeking a diagnosis from a health care provider.[9] The Plaintiff did not allege that he was caring for an individual who was subject to a quarantine, nor did the Plaintiff allege that the Plaintiff was caring for an individual who was advised by a health care provider to self-quarantine.[10] Although Plaintiff alleged that Plaintiff was "caring for his child at home"[11], Plaintiff did not allege that the child's School or Place of Care was closed, or that a Child Care Provider

---

[8] *See* Doc. 1.
[9] *See* Doc. 1.
[10] *See* Doc. 1.
[11] Doc. 1, ¶14.

was unavailable.[12]  Additionally, the Plaintiff did not allege that "no suitable person [was] available to care for [Plaintiff's child]" as required by 29 CFR § 826.20(a)(8).  The Plaintiff did not allege that the Plaintiff had a substantially similar condition as specified by the Secretary of the Treasury and the Secretary of Labor.

Further, "[a]n Employee may take Paid Sick Leave for the reason described in paragraph (a)(1)(ii) of this section only if: (i) A health care provider advises the Employee to self-quarantine based on a belief that – (A) The Employee has COVID-19; (B) The Employee may have COVID-19; or (C) The Employee is particularly vulnerable to COVID-19; and (ii) Following the advice of a health care provider to self-quarantine prevents the Employee from being able to work, either at the Employee's normal workplace or by Telework." 29 CFR § 826.20(a)(3).  The Plaintiff did not allege that a health care advisor instructed Plaintiff to self-quarantine.[13]  The Plaintiff did not allege that any health care provider had a belief that the Plaintiff had COVID-19, had a belief that the Plaintiff may have had COVID-19 or had a belief that the Plaintiff was particularly vulnerable to COVID-19.[14]

The Plaintiff also failed to allege that the Plaintiff provided documentation requisite for the viability of the Plaintiff's causes of action.  "An Employee is required to provide the Employer documentation containing the following information prior to taking Paid Sick Leave under the EPSLA or Expanded Family and Medical Leave under the EFMLEA:  (1) Employee's name; (2) Date(s) for which leave is requested; (3) Qualifying reason for the leave; and (4) Oral or written statement that the Employee is unable to work because of the qualified reason for leave." 29 CFR § 826.100 (2020).  The Plaintiff did not allege that the Plaintiff provided Acme with the required

---

[12] *See* Doc. 1.
[13] However, Plaintiff did allege that a health care provider instructed Plaintiff "to take three more days off." (Doc. 1, ¶18).  Plaintiff also alleged a different health care provider instructed Plaintiff to "work from home." (Doc. 1, ¶ 22).
[14] *See* Doc. 1.

information essential to the Plaintiff's alleged causes of action.[15]  That the Plaintiff alleged that Dr. Douglas Witter advised the Plaintiff "to work from home", is insufficient:  "To take paid sick leave for a qualifying COVID-19 related reason under § 826.20(a)(1)(ii) an employee must additionally provide the Employer with the name of the health care provider who advised the Employee to self-quarantine due to concerns related to COVID-19."  29 CFR § 826.100(c) (2020).  The Plaintiff did not allege that Dr. Douglas Witter advised the Plaintiff to self-quarantine due to concerns related to COVID-19, nor did the Plaintiff allege that Plaintiff provided such information to Acme.

Additionally, to "take Paid Sick Leave for a qualifying COVID-19 related reason under § 826.20(a)(1)(v) or Expanded Family and Medical Leave, an Employee must additionally provide: (1) The name of the Son or Daughter being cared for; (2) The name of the School, Place of Care, or Child Care Provider that has closed or become unavailable; and (3) A representation that no other suitable person will be caring for the Son or Daughter during the period for which the Employee takes Paid Sick Leave or Expanded Family and Medical Leave."  29 CFR § 826.100(e) (2020).  The Plaintiff did not allege that this information was provided to Acme.

For these reasons, Plaintiff's Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, Rule 12(e) provides that a party "may move for a more definite statement of pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  As discussed, *supra*, Plaintiff's vague and factually bankrupt pleading fails to provide alleged facts that establish how the Defendant breached any of the referenced Acts.  Such opaqueness renders it impossible for Acme to reasonably prepare a response. For these reasons, pursuant to Fed. R.

---

[15] *See* Doc. 1.

Civ. P. 12(e), if the Court elects not to dismiss Plaintiff's Complaint, Acme respectfully requests that the Court require a more definite statement from the Plaintiff, including the Qualifying Reason for Paid Sick Leave and the Documentation of need for leave.

WHEREFORE, Defendant, ACME BARRICADES, L.C., respectfully requests the Court to dismiss Plaintiff's Complaint (Doc. 1), or, in the alternative, moves the Court to order Plaintiff to provide a more definite statement, together with any other relief deemed appropriate by the Court. Respectfully submitted,

        By: ___/s/ Brian J. Aull_____
            BRIAN J. AULL
            Florida Bar No.: 616834
            4686 Sunbeam Road
            Jacksonville, Florida 32257
            Telephone:  (904) 672-4000
            Facsimile:  (904) 672-4050
            Primary Email: brian.aull@csklegal.com
            Secondary Email: april.jarvis@csklegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system on November 5, 2020, on all counsel or parties of record.

By: ___/s/ Brian J. Aull_____
BRIAN J. AULL
Florida Bar No.: 616834
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone: (904) 672-4000
Facsimile: (904) 672-4050
Primary Email: brian.aull@csklegal.com
Secondary Email: april.jarvis@csklegal.com