# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HECTOR TORO,**

      **Plaintiff,**

**v.**                                                                                             Case No:   6:20-cv-1867-Orl-22LRH

**ACME BARRICADES, L.C.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT ACME BARRICADES, L.C.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 11)**
>
> **FILED:**    November 5, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

On October 9, 2020, Plaintiff Hector Toro filed a two-count complaint against Defendant Acme Barricades, L.C., alleging a violation of the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA"), as well as a retaliation claim under the FFCRA/EPSLA.  Doc. No. 1; *see* 29 C.F.R. §§ 826.20, 826.150.  Plaintiff's claims both arise under the Fair Labor Standards Act ("FLSA") because an employer's failure to provide paid sick

leave under the EPSLA is considered a failure to provide minimum wage in violation of the FLSA, 29 U.S.C. § 206, and the claim is enforced under the FLSA. 29 C.F.R. § 826.150(b)(1). A retaliation claim regarding paid sick leave under the EPSLA is likewise enforced under the FLSA. *Id.* § 826.150(b)(2).

According to the complaint, Defendant "provides traffic, event, and crowd control products throughout the state of Florida." Doc. No. 1 ¶ 3. Defendant hired Plaintiff as a driver in May 2019. *Id.* ¶ 12. Plaintiff has a health condition that places him at greater risk if he contracts COVID-19. *Id.* ¶ 13. Plaintiff also cares for a child at home. *Id.* ¶ 14. Due to the nature of his work with Defendant, Plaintiff was in close contact with other people. *Id.* ¶ 15. In March 2020, "as the Coronavirus was exploding," Defendant instructed Plaintiff to take a week of vacation time; Plaintiff returned to work in early April 2020. *Id.* ¶¶ 16–17. On April 2, 2020, Plaintiff attended a virtual appointment with a doctor, who told him to take three more days off work due to the danger of COVID-19. *Id.* ¶ 18. Plaintiff informed Defendant, which refused to give him any more time off. *Id.* ¶ 19. Plaintiff thereafter, upon Defendant's suggestion, saw his primary care physician (Dr. Douglas Witter), who advised Plaintiff to "work from home"; Plaintiff provided Defendant a doctor's note stating the same on April 3, 2020. *Id.* ¶¶ 20–22. On April 7, 2020, Defendant terminated Plaintiff's employment, after Plaintiff took leave pursuant to his doctors' "work from home" order. *Id.* ¶¶ 23, 42. Upon Plaintiff's termination, Defendant paid Plaintiff $42.00, instead of the full week of pay, in violation of the FFCRA. *Id.* ¶¶ 24–26.

On November 5, 2020, Defendant appeared in this case and filed a motion to dismiss, or in the alternative, a motion for more definite statement. Doc. No. 11. Plaintiff has responded in opposition. Doc. No. 14.[1] The presiding District Judge referred the motion to dismiss to the

---

[1] On November 20, 2020, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why he failed to timely respond to the motion to dismiss. Doc. No. 12. The undersigned further

undersigned. *See* Doc. No. 7. For the reasons discussed herein, it is respectfully recommended that Defendant's motion be granted, and that the complaint be dismissed without prejudice and with leave to amend.

## II. LEGAL STANDARDS.

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil 12(b)(6) for failure to state a claim upon which relief may be granted. Doc. No. 11. Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Defendant alternatively moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which provides, in relevant part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## III. ANALYSIS.

Under the FCCRA, the EPSLA[2] provides, in relevant part, as follows:

---

ordered Plaintiff to file a response to the motion to dismiss in conjunction with the response to the Order to Show Cause. *Id.* Plaintiff timely responded to the Order to Show Cause and submitted a response to the motion to dismiss. Doc. Nos. 13, 14. Upon consideration of Plaintiff's response, the undersigned discharged the Order to Show Cause, and stated that Plaintiff's response to the motion to dismiss would be considered in resolving the above-styled motion. Doc. No. 15.

[2] "The Families First Coronavirus Response Act ("FFCRA"), Pub. L. 116–127, contains both the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave

- 3 -

> (1) An Employer shall provide to each of its Employees Paid Sick Leave to the extent that Employee is unable to work due to any of the following reasons:
>
>> (i) The Employee is subject to a Federal, State, or local quarantine or isolation order related to COVID–19;
>>
>> (ii) The Employee has been advised by a health care provider to self-quarantine due to concerns related to COVID–19;
>>
>> (iii) The Employee is experiencing symptoms of COVID–19 and seeking medical diagnosis from a health care provider;
>>
>> (iv) The Employee is caring for an individual who is subject to an order as described in this paragraph (a)(1)(i) or directed as described in this paragraph (a)(1)(ii);
>>
>> (v) The Employee is caring for his or her Son or Daughter whose School or Place of Care has been closed for a period of time, whether by order of a State or local official or authority or at the decision of the individual School or Place of Care, or the Child Care Provider of such Son or Daughter is unavailable, for reasons related to COVID–19; or
>>
>> (vi) The Employee has a substantially similar condition as specified by the Secretary of Health and Human Services, in consultation with the Secretary of the Treasury and the Secretary of Labor. . . .

29 C.F.R. § 826.20(a)(1). As it relates to advice of a health care provider to self-quarantine, the FFCRA provides that: "[a]n Employee may take Paid Sick Leave for the reason described in paragraph (a)(1)(ii) of this section only if:

> (i) A health care provider advises the Employee to self-quarantine based on a belief that:
>
>> (A) The Employee has COVID–19;
>>
>> (B) The Employee may have COVID–19; or
>>
>> (C) The Employee is particularly vulnerable to COVID–19; and

---

Act ("EPSLA"). The EFMLEA and EPSLA are modeled after the Family Medical leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"), respectively, to provide paid leave and other benefits to employees for various reasons related to COVID-19." *See O'Bryan v. Joe Taylor Restoration, Inc.*, No. 20-CV-80993, 2021 WL 53281, at *1 (S.D. Fla. Jan. 6, 2021). Here, Plaintiff's complaint alleges claims under the EPSLA, and therefore the FLSA. *See* Doc. No. 1. The provisions related to the EFMLEA, which arises under the FMLA, do not appear to be at issue in this case. *See id.*

> > (ii) Following the advice of a health care provider to self-quarantine prevents the Employee from being able to work, either at the Employee's normal workplace or by Telework. An Employee who is advised to self-quarantine by a health care provider may not take Paid Sick Leave where the Employer does not have work for the Employee.

*Id.* § 826.20(a)(3). Under the EPSLA, a qualifying full-time employee is entitled to up to eighty (80) hours of paid sick leave. *Id.* § 826.21(a)(1).

> The EPSLA further provides that
>
> An Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

*Id.* § 826.150(a); *see also Kofler v. Sayde Steeves Cleaning Serv., Inc.*, No. 8:20-cv-1460-T-33AEP, 2020 WL 5016902, at *2 (M.D. Fla. Aug. 25, 2020) ("Although the FLSA and FFCRA are different statutes, retaliation for asserting rights under the FFCRA violates the FLSA.").

      A.     <u>Violation of the FFCRA/EPSLA for Failure to Pay Sick Leave (Count I)</u>.

In Count I, Plaintiff alleges that he was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by health care providers to "work from home" to avoid potential exposure to COVID-19, but Defendant refused to pay him during his absence. Doc. No. 1 ¶¶ 32–33.

Defendant moves to dismiss the complaint, arguing that Plaintiff fails to allege in the complaint that any of the six circumstances set forth in 29 C.F.R. § 826.20(a)(1) are applicable in the present case. Doc. No. 11, at 4–5. Specifically, Defendant argues that Plaintiff did not allege

that a health care provider advised him to self-quarantine or that a health care provider believed that Plaintiff had COVID-19 or that he was particularly vulnerable to COVID-19. *Id.* at 5.[3]

Upon review of the plain language of the EPSLA, and the allegations of Plaintiff's complaint, the undersigned agrees. Specifically, as detailed above, the EPSLA provides that an employee may take paid sick leave *only if* certain conditions are satisfied. Namely, with regard to the advice of a health care provider to self-quarantine, it must be based on the health care provider's belief that the employee either has COVID-19, may have COVID-19, or is particularly vulnerable to COVID-19. 29 C.F.R. § 826.20(a)(3). Even if those conditions are satisfied, the employee must also demonstrate that following the advice of a health care provider to self-quarantine prevented the employee from being able to work, either at the employer's normal place of work or by telework. *Id.* § 826.20(a)(3)(ii).

Here, in the complaint, although Plaintiff alleges that he is particularly vulnerable to COVID-19, he does not state that Dr. Witter advised him to "work from home" *because* Plaintiff was particularly vulnerable to COVID-19. *See* Doc. No. 1 ¶¶ 20–22. Moreover, rather than advising Plaintiff to self-quarantine, Plaintiff alleges that Dr. Witter advised him to "work from home." *See id.* ¶ 22. And even if Dr. Witter's "work from home" order is equivalent to advice to "self-quarantine," and even if Dr. Witter advised Plaintiff to "work from home" due to a finding that Plaintiff is particularly vulnerable to COVID-19, that would not end the inquiry because Plaintiff

---

[3] Defendant also asserts that Plaintiff has failed to state a claim under 29 C.F.R. § 826.20(a)(1)(v), which relates to an employee caring for a child when a school is closed or a childcare provider is unavailable due to COVID-19. Doc. No. 11, at 6. This argument seems to be based on Plaintiff's allegation in the complaint that he "was also caring for his child at home during the time period at-issue." Doc. No. 1 ¶ 14. However, upon review of Plaintiff's operative complaint, Plaintiff appears to be proceeding solely under 29 C.F.R. §§ 826.20(a)(1)(ii), (a)(3), as both counts of the complaint allege violations of the EPSLA for Defendant failing to pay sick leave and terminating Plaintiff's employment after he was advised by health care providers to "work from home" to avoid potential exposure to COVID-19. *See* Doc. No. 1 ¶¶ 27–47. Accordingly, the undersigned does not further address Defendant's contentions regarding 29 C.F.R. § 826.20(a)(1)(v).

must also allege that "following the advice of a health care provider to self-quarantine prevent[ed] the Employee from being able to work, either at the Employee's normal workplace or by Telework." 29 C.F.R. § 826.20(3)(ii). Here, Plaintiff solely alleges that Dr. Witter advised him to "work from home," and makes no allegation that such advice caused Plaintiff to be unable to work remotely or otherwise (and indeed suggests the opposite by the "work from home" order). *See id.* Accordingly, Plaintiff's complaint, as currently pleaded, does not state a claim for relief under the EPSLA.[4]

Defendant also maintains that the complaint fails to state a claim because Plaintiff does not allege in the complaint that he provided documentation to Defendant sufficient to take leave under the EPSLA. Doc. No. 11, at 5. Specifically, Defendant points to the following provisions:

> (a) An Employee is required to provide the Employer documentation containing the following information as soon as practicable, which in most cases will be when the Employee provides notice under § 826.90:
>
> (1) Employee's name;
>
> (2) Date(s) for which leave is requested;
>
> (3) Qualifying reason for the leave; and
>
> (4) Oral or written statement that the Employee is unable to work because of the qualified reason for leave.
> . . . .
>
> (c) To take Paid Sick Leave for a qualifying COVID–19 related reason under § 826.20(a)(1)(ii) an Employee must additionally provide the Employer with the name of the health care provider who advised the Employee to self-quarantine due to concerns related to COVID–19.

---

[4] The undersigned notes that Plaintiff alleges he was "hired" in May 2019 as a "Driver." Doc. No. 1 ¶ 12. This is the extent of the factual allegations concerning Plaintiff's employment with Defendant, therefore the undersigned is unable to determine whether, or to what extent, Plaintiff would or would not be able to work from home (as recommended by his doctor), such that 29 C.F.R. § 826.20(3)(ii) could be satisfied.

29 C.F.R. § 826.100.

Defendant acknowledges that Plaintiff alleges in the complaint that his primary care physician advised Plaintiff to "work from home." Doc. No. 11, at 5–6. However, Defendant contends that this is insufficient because Plaintiff "did not allege that Dr. Douglas Witter advised the Plaintiff to self-quarantine due to concerns related to COVID-19, nor did the Plaintiff allege that Plaintiff provided such information to [Defendant]." *Id.* at 6.

Upon review, the undersigned again agrees. Although Plaintiff alleges in the complaint that he gave Defendant a doctor's note from Dr. Witter advising Plaintiff to "work from home," Plaintiff has not alleged that such notice to Defendant requested certain dates for leave, that it alleged a qualifying reason for the leave, or that Plaintiff was unable to work because of the qualifying reason for the leave. *See* Doc. No. 1 ¶¶ 20–22.[5]

Accordingly, upon review, the undersigned respectfully recommends that the Court grant Defendant's motion to dismiss, or alternatively a motion for a more definite statement, as to Count I of the complaint, but that the Court permit Plaintiff to file an amended complaint, within a time established by the Court.[6]

---

[5] In response to the motion to dismiss, Plaintiff suggests that the complaint states that "Plaintiff's reference to Dr. Witter's stay home orders is a continuation from the virtual doctor's appointment where he was advised to stay home due to Coronavirus." Doc. No. 14, at 6. However, the complaint contains no such allegation.

[6] The undersigned notes that Plaintiff has not requested that the Court permit him to amend the complaint, should the motion to dismiss be granted or otherwise. Thus, it does not appear that the Court is required to permit amendment. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend before the district court."). Nonetheless, because Plaintiff has not yet amended his pleading in this matter, and because it appears that a more carefully drafted complaint might state a claim upon which relief may be granted, the undersigned respectfully recommends that the Court dismiss the complaint without prejudice, and with leave to amend. *See, e.g.*, *Hutto v. BAC Home Loans Servicing, LP*, No. 1:09-CV-03221-WSDRGV, 2010 WL 11549924, at *4 (N.D. Ga. Nov. 23, 2010) (stating that the Court "is entitled to *sua sponte* permit the Plaintiff to replead" under *Wagner*); *Henderson v. Inabinett*, No. 2:05-CV-00064-WKW(WO), 2006 WL 1132979, at *6 (M.D. Ala. Apr. 27, 2006) (acknowledging general rule set forth in *Wagner*, but *sua sponte* permitting

B.	Retaliation Under the FFCRA/EPSLA (Count II).

In Count II of the complaint, Plaintiff alleges that he took qualifying leave under the EPSLA due to COVID-19 and his health care provider's "work from home" order, and that Defendant violated the EPSLA (and therefore the FLSA) by terminating his employment due to Plaintiff taking such leave.  Doc. No. 1 ¶¶ 40–42.

In its motion to dismiss, Defendant does not directly challenge Plaintiff's claim of retaliation, instead resting on its argument that Plaintiff failed to demonstrate that he qualified for leave under the EPSLA.  Doc. No. 11.  As discussed above, the undersigned recommends the Court find that Plaintiff has failed to sufficiently allege that he qualified for leave under the EPSLA.  Accordingly, due to these deficiencies, the undersigned likewise recommends that Count II be dismissed, with leave to amend.

**IV.	RECOMMENDATION.**

For the reasons discussed herein, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement (Doc. No. 11) be **GRANTED,** and that Plaintiff's complaint (Doc. No. 1) be **DISMISSED without prejudice**.  It is further **RECOMMENDED** that the Court permit Plaintiff to file an amended complaint, within a time established by the Court, to correct the deficiencies identified herein.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

---

amendment to complaint upon dismissal); *Palmer ex rel. Palmer v. Santa Rosa Cty., Fla., Sch. Bd.*, No. 3:05CV218/MCR, 2005 WL 3338724, at *6 (N.D. Fla. Dec. 8, 2005) (same).

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 28, 2021.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record